# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BARRY BLAKELEY,<br><br>        Plaintiff,<br><br>     v.<br><br>DANIEL G. GUNDERSON, et al.,<br><br>        Defendants. | Case No. 3:22-cv-00035-SLG |

## ORDER RE ALL PENDING MOTIONS

Before the Court is pro se Plaintiff Barry Blakeley's *Motion to Reconsider Substitution and Dismissal of Defendants* at Docket 32; Defendants Daniel G. Gunderson, Christopher Rafferty, Timothy Wolff, and Thomas V. Jamgochian's *12(c) Motion for Judgment on the Pleadings as to All Defendants* at Docket 36; and Mr. Blakeley's *Motion to Deem Allegations Admitted for All Purposes* at Docket 48. Defendants have not filed responses to either of Mr. Blakeley's motions. Mr. Blakeley responded to Defendants' motion to dismiss at Docket 47. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

Mr. Blakeley received a traffic citation on February 6, 2021 when he was driving a vehicle on the Glenn Highway near Palmer, Alaska.[1] Present during the

---
[1] *See* Docket 1 at 4, 7, ¶¶ 14, 55. For the purposes of this order, the Court accepts as true all well-pleaded factual allegations in Mr. Blakeley's complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing the "tenet that a court must accept as true all of the allegations contained in the complaint"). The Court also takes judicial notice of the proceedings in Alaska state court that followed the issuance of Mr. Blakeley's traffic citation. *See Biggs v. Terhune*,

traffic stop resulting in the citation were Defendants Gunderson, Rafferty, and Wolff, all of whom were Alaska State Troopers.[2] The traffic citation, issued by Sgt. Gunderson, accused Mr. Blakeley of failing to install an "anti-spray device on oversized tires that were outside wheel wells."[3] Mr. Blakeley did not appear or respond formally in the proceedings before the Alaska District Court involving the traffic citation, attempting instead to appear "by special appearance" via mail through his submission of an "Affidavit of Status" and "Affidavit of Facts."[4] As a result, Alaska District Court Judge (and Defendant) Jamgochian entered a default judgment against Mr. Blakeley on April 7, 2021.[5] The Alaska District Court did not take any action on Mr. Blakeley's filings beyond Judge Jamgochian's sending Mr. Blakeley a courtesy letter informing him of the status of the proceedings related to the traffic citation and reminding him that he must serve any documents on his

---

334 F.3d 910, 915 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (citations omitted), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.") (citations omitted).

[2] Docket 1 at 5, ¶¶ 22, 24, 35; *see also* Docket 9 at 3-4, ¶¶ 8-10 (Answer).

[3] Docket 37-1 at 1.

[4] Docket 1 at 8, ¶ 71 (emphasis omitted); *see generally 3PA-21-00912MO State of Alaska vs. Blakely, Barry Francis*, CourtView [hereinafter State Docket], https://records.courts.alaska.gov/eaccess/searchresults.page?x=r*wCwLS54xjZNzVpjwExu7H4jIZLe1HJirdG3Z4ZKraFwz8gPcCqdBTc7vnlv6i91W5myYZEc*TrPGF8JyLSYw (last modified Oct. 12, 2021). Mr. Blakeley also mailed a "Notice of Claim" and an "Affidavit of Crimes and Rights Violations," among other documents, to Defendants. Docket 1 at 9, 17, ¶¶ 77, 144.

[5] State Docket; Docket 1 at 15, ¶ 126.

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 2 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 2 of 16

opposing parties.[6] Mr. Blakeley subsequently filed this suit in federal court, seeking vacatur and dismissal of the state court judgment entered against him and over $285 million in damages he alleges are resulting from "emotional injuries and damages" and "[v]iolations of [his] inherent, constitutionally protected rights."[7]

The complaint contains a total of 89 claims against Defendants.[8] Mr. Blakeley characterizes his claims as relating to five distinct actions or documents: (1) the actions the Alaska State Troopers took during the February 6, 2021 traffic stop; (2) the February 6, 2021 traffic citation; (3) the March 25, 2021 notice of hearing related to the citation; (4) the April 7, 2021 state court hearing related to the citation; and (5) Judge Jamgochian's April 15, 2021 letter.[9] The complaint contains claims purportedly brought pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 241, and 18 U.S.C. § 242 that Defendants conspired to violate, and deprived Mr. Blakeley of, his rights secured by the U.S. and Alaska Constitutions.[10] Mr. Blakeley also appears to bring numerous state tort claims and a claim that Judge Jamgochian committed judicial misconduct.[11] At the heart of all of Mr. Blakeley's

---

[6] Docket 37-1 at 2.

[7] Docket 1 at 100, 101.

[8] Docket 1 at 39-98.

[9] Docket 1 at 39.

[10] *See, e.g.*, Docket 1 at 39-52.

[11] *See, e.g.*, Docket 1 at 52-61, 99. The apparent state tort claims include allegations that Defendants violated federal and state criminal laws, such as those prohibiting official misconduct, assault, extortion, coercion, and impersonating officials, among others. *See, e.g.*,

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 3 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 3 of 16

claims are contentions that the State of Alaska "is a fiction of law"; the Alaska District Court has no jurisdiction over Mr. Blakeley with respect to the traffic citation; and the proceedings involving the traffic citation were improper and unlawful.[12] Most illuminating are Mr. Blakeley's claims that the Alaska District Court is a "kangaroo court" with no jurisdiction over him and that he is a "[s]overeign man of the people of Alaska" who "is not a subject or citizen of *State of Alaska*, owing duties and obligations to the State or to the persons operating as the service corporation doing business as *State of Alaska*, Dun and Bradstreet number 078198983, or to any other service or municipal corporation."[13]

Although Mr. Blakeley takes issue with Defendants' characterization of him as a "sovereign citizen," his claim that he is a "[s]overeign man" and the content of his filings are consistent with the concepts espoused by that movement.[14] The Federal Bureau of Investigation ("FBI") "considers sovereign-citizen extremists as comprising a domestic terrorist movement."[15] The FBI describes the movement's adherents as follows:

---

Docket 1 at 52-55.

[12] Docket 1 at 8-9, 83-94, ¶¶ 68, 78, 443-89.

[13] Docket 1 at 18, 21, 32 ¶¶ 148, 155, 210 (emphasis in original).

[14] Docket 1 at 21, ¶ 155; *see also* Docket 47 at 2 ("Mr. Cucci, attorney for Defendants (hereinafter 'attorney'), attempts to stereotype me as a 'sovereign citizen.' The attorney's statement is potentially slanderous and damaging to me . . . . The attorney has no firsthand, personal knowledge regarding whether I consider myself a 'sovereign citizen[]' . . . .").

[15] *Sovereign Citizens: A Growing Domestic Threat to Law Enforcement*, FBI Law Enforcement Bulletin (Sept. 1, 2011), https://leb.fbi.gov/articles/featured-articles/sovereign-citizens-a-growing-

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 4 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 4 of 16

> They follow their own set of laws. While the philosophies and conspiracy theories can vary from person to person, their core beliefs are the same: The government operates outside of its jurisdiction. Because of this belief, they do not recognize federal, state, or local laws, policies, or regulations.
>
> * * *
>
> It is important to realize sovereign citizens' tactics to harass and intimidate law enforcement, court, and government officials, as well as financial institution employees. Methods can range from refusing to cooperate with requests, demanding an oath of office or proof of jurisdiction, filming interactions with law enforcement that they later post on the Internet, and filing frivolous lawsuits or liens against real property. They convene their own special courts that issue fake but realistic-looking indictments, warrants, and other documents. They also can use real government documents, including suspicious activity reports, in an attempt to damage the credit or financial history of specific individuals.[16]

The Court finds it unnecessary to label Mr. Blakeley as a member of the "sovereign citizen" movement. Still, the above description provides context for the claims Mr. Blakeley brings here.[17] Indeed, for Mr. Blakeley to succeed on his claims, the core themes underlying the sovereign-citizen movement—including the belief that a state government cannot enforce traffic laws against people who operate motor vehicles—would need to reflect reality.[18]

---

domestic-threat-to-law-enforcement.

[16] *Id.* (citations and footnotes omitted).

[17] *See id.* ("Law enforcement and judicial officials must understand the sovereign-citizen movement, be able to identify indicators, and know how to protect themselves from the group's threatening tactics.").

[18] *See* Docket 1 at 27, ¶ 168 (describing police officers who enforce traffic laws as "men posing as Officers . . . who will forcibly stop Barry without a warrant or probable cause for exercising his

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 5 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 5 of 16

Presently before the Court is Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[19] In their accompanying memorandum, Defendants assert: (1) Judge Jamgochian is protected against Mr. Blakeley's claims pursuant to the doctrine of absolute immunity; and (2) the Court lacks jurisdiction to consider all of Mr. Blakeley's claims pursuant to the *Rooker-Feldman* doctrine, which prohibits federal plaintiffs from bringing a "de facto appeal of a state court judgment."[20] Mr. Blakeley's opposition to this motion fails to persuasively refute the law supporting Defendants' motion; instead, it reiterates Mr. Blakeley's baseless claims that the State of Alaska participated in an "organized crime scheme" by issuing him a traffic citation and by entering a default judgment against him through an allegedly "non-civil, non-criminal, color-of-law, extra-judicial, administrative proceeding . . ."[21] Mr. Blakeley also claims that Judge Jamgochian is not immune because the judge "acted in a clear absence of all jurisdiction, and his acts are not within the judicial capacity."[22] He further contends that the *Rooker-Feldman* doctrine does not apply because the

---

right to locomotion and freely to travel [sic]. . . .").

[19] Docket 36.

[20] *See* Docket 37 at 7-14 (Memorandum in Support of 12(c) Motion for Judgment on the Pleadings as to All Defendants) (citations and emphasis omitted).

[21] Docket 47 at 3, 5 (emphasis omitted).

[22] Docket 47 at 13.

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 6 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 6 of 16

Alaska District Court proceeding was not a "state action."[23] Mr. Blakeley's opposition also contains assertions at odds with the facts he pleaded in his complaint and the state court documents incorporated by reference therein, such as his assertion that he "was not a litigant in a civil or criminal court case" and that "no actual controversy [existed] before a judicial court."[24]

The Court addresses these arguments below but also notes that, prior to the filing of Defendants' motion, Mr. Blakeley moved the Court to reconsider an earlier ruling dismissing Mr. Blakeley's claims against the State of Alaska.[25] And, after the filing of Defendants' motion, Mr. Blakeley moved the Court to deem admitted by Defendants a number of the allegations in Mr. Blakeley's complaint.[26] Because the Court is granting Defendants' motion to dismiss all of Mr. Blakeley's claims with prejudice, both of Mr. Blakeley's pending motions are moot and will be denied as such.[27]

---

[23] Docket 47 at 16.

[24] Docket 47 at 17.

[25] *See* Docket 32 (Motion to Reconsider Substitution and Dismissal of Defendants); Docket 30 (Order Regarding Motion to Dismiss State of Alaska as Substituted Defendant). An earlier order allowed the substitution of the State of Alaska on behalf of Defendants with respect to any of Mr. Blakeley's claims arising under state law. *See* Docket 24 (Order Re: Motions for Default, Notice of Submission of Certification, and Motion to Dismiss).

[26] *See* Docket 48 (Motion to Deem Allegations Admitted for All Purposes).

[27] Although this order renders moot both of these motions, the Court may have been inclined to grant Mr. Blakeley's motion for reconsideration. A plain reading of the text of Alaska Statute § 09.50.253(c) indicates that it applies only to proceedings in state court. *See* Alaska Stat. § 09.50.253(c) (allowing the state to substitute itself for employee defendants in "any civil action or proceeding commenced upon the claim in a *state court* . . .") (emphasis added). There is no indication that the statute would apply in a federal court proceeding, where the state has not waived its sovereign immunity. Regardless, because all of Mr. Blakeley's claims are being

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 7 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 7 of 16

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."[28] "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'"[29] A federal district court has authority to determine whether it has jurisdiction over a given case.[30] If the Court finds it lacks jurisdiction over a plaintiff's claims, it must dismiss them.[31]

---

dismissed against all Defendants, the motion is denied as moot.

[28] *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)).

[29] *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, Case No. C 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

[30] *O.F. Nelson & Co. v. United States*, 169 F.2d 833, 836 (9th Cir. 1948) ("'The lower federal courts . . . are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause . . . .'") (quoting *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940)).

[31] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal quotation marks and citation omitted).

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 8 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 8 of 16

## DISCUSSION

Defendants are correct in their assertion that the Court lacks jurisdiction over Mr. Blakeley's claims. The *Rooker-Feldman* doctrine precludes a federal court from exercising jurisdiction over what is essentially an effort to appeal the final judgment of a state court.[32] Pursuant to this doctrine, a district court cannot exercise jurisdiction "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court[] and seeks relief from a state court judgment based on that decision . . . ."[33] The doctrine therefore applies when a plaintiff: (1) asserts as its legal injury an error by a state court and (2) seeks relief from the state court's related judgment.[34] Although *Rooker-Feldman* generally does not preclude a federal court from hearing a case involving other issues, such as constitutional claims, it forecloses jurisdiction over any issues that are "inextricably intertwined" with a state court judgment.[35] An issue is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."[36]

---

[32] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).

[33] *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

[34] *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004).

[35] *Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012) (emphasis omitted).

[36] *Id.* at 779 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 9 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 9 of 16

All of Mr. Blakeley's claims are "inextricably intertwined" with his challenge to the Alaska District Court's determination that he violated a state law prohibiting operation of a motor vehicle without an anti-spray device.[37] Mr. Blakeley failed to appear in that action, which resulted in the Alaska District Court's entering a default judgment against him.[38] Through his complaint, he expressly seeks an order from this Court that would invalidate that default judgment.[39] The complaint is premised upon an argument that the Alaska District Court committed an error by finding that it had jurisdiction over the adjudication of Mr. Blakeley's traffic stop and that Alaska law applied to him when he was operating his motor vehicle.[40] Entering the order Mr. Blakeley seeks would require the Court to overturn the Alaska District Court's decision, clearly running afoul of *Rooker-Feldman*.

It is true that Mr. Blakeley also seeks damages from Defendants' alleged conspiracies to deprive him of several of his constitutional rights, deprivation of several of his constitutional rights, and violations of a number of federal and state

---

[37] State Docket; *see also* Docket 37-1 at 1 (traffic citation).

[38] State Docket. In entering the default judgment, the Alaska District Court at least implicitly decided that Mr. Blakeley's attempt to appear by "special appearance" in that action was insufficient. *Id.*; *see also* Docket 37-1 at 30-36 (Mr. Blakeley's "Affidavit of Fact").

[39] *See* Docket 1 at 100 (demanding a declaration that "[t]he judgment entered by Thomas Jamgochian against 'Barry Francis Blakely' for Alaska Court System case 3PA-21-00912MO be vacated and the matter dismissed with prejudice").

[40] *See* Docket 1 at 9, ¶¶ 78, 81 ("The *Affidavit of Status* rebuts any presumption of jurisdiction over Barry. . . . Barry declared in the *Affidavit of Fact* that the court lacks jurisdiction in the matter.") (emphasis in original).

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 10 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 10 of 16

criminal statutes.[41] However, each of his 89 claims rests on the assumption that the state court judgment entered against him—and the state actions leading up to and following the entry of that judgment, including the traffic stop, issuance of the traffic citation, provision of notice of the state court hearing, the hearing itself, and Judge Jamgochian's letter—are legally invalid.[42] In total, Mr. Blakeley makes dozens of references to Defendants' alleged lack of jurisdiction over him.[43] The merits of all of his claims depend on a finding that Defendants lacked jurisdiction or authority to conduct the traffic stop, issue the citation, hold a hearing in court, enter a default judgment after Mr. Blakeley failed to show up in court, and communicate with Mr. Blakeley regarding the process. Thus, all of the claims are predicated on the Alaska District Court's alleged error.

---

[41] Docket 1 at 39-101.

[42] *See, e.g.*, Docket 1 at 9, ¶ 78 ("The *Affidavit of Status* rebuts any presumption of jurisdiction over Barry.") (emphasis in original); Docket 1 at 9, ¶ 81 ("Barry declared in the *Affidavit of Fact* that the court lacks jurisdiction in this matter.") (emphasis in original); Docket 1 at 13, ¶ 111 ("Barry's *Notice of Deficiencies and Irregularities* requires Thomas to provide the findings of fact and conclusions of law upon which Thomas relied in order to continue with the matter despite Barry's jurisdictional challenges . . . .") (emphasis in original); Docket 1 at 16, ¶ 134 ("Thomas' letter does not establish the court's jurisdiction in the matter."); Docket 1 at 29, ¶ 185 ("Daniel, Christopher, and Timothy falsely identified themselves as officers with jurisdiction and authority to detain or arrest Barry without warrant or probable cause, to search Barry's private automobile and documents, and to demand documents and money from Barry, while depriving Barry of his rights."); Docket 1 at 32-33, ¶ 210 ("The Alaska Court System and the administrative court in which Thomas works (hereinafter 'kangaroo court') failed to obtain personal jurisdiction over Barry because of improper service . . . ."); Docket 1 at 35, ¶ 217 ("Thomas conducted the hearing with a clear absence of all jurisdiction.") (citation omitted); Docket 1 at 55, ¶ 319 ("Daniel, Christopher, and Timothy pretended to be officers with jurisdiction to detain or arrest Barry . . . .").

[43] *See generally* Docket 1.

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 11 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 11 of 16

Mr. Blakeley's assertion that he seeks redress from Defendants' *conduct* (as opposed to an alleged error by the Alaska District Court) is a poorly disguised attempt to distract from his ultimate claim and request.[44] Notwithstanding his myriad claims spanning from mail fraud and forgery to assault and coercion, what he really seeks is a finding that the Alaska District Court's adjudication of his routine traffic stop and citation was erroneous.[45] Put differently, if the state court judgment and process surrounding it are not legally erroneous, all of Mr. Blakeley's claims must fail. This bars the Court from exercising jurisdiction over all of Mr. Blakeley's claims even if some of them, like his mail-fraud claims, are the sort that might otherwise survive scrutiny pursuant to *Rooker-Feldman*.[46] This is consistent

---

[44] *See* Docket 47 at 17 ("My demand for relief for damages caused by Defendants' acts and/or omissions under color of law is valid, and it cannot be construed as some sort of appeal [of a state court judgment].").

[45] *See* Docket 1 at 53, 54, 77, 81 (claims in complaint); *Bey v. Geiser*, No. EDCV19844JGBKKX, 2019 WL 12447340, at *1-2 (C.D. Cal. May 21, 2019) (finding a mail fraud claim raised in a complaint that "relies on a variation of the 'sovereign citizen' theory . . . d[id] not appear to be based in extrinsic fraud but rather an alleged error of the San Bernardino Superior Court."). Nor is it compelling that Mr. Blakeley identified minor administrative errors in documentation produced during and before the state court proceedings, such as the typographical errors in the citation number, the misspelling of his name, and the incorrect notation on the CourtView docket stating that he entered a "not guilty" plea. *See* Docket 37-1 at 16 ("'Barry Francis Blakely': This entity is unknown to me, a man, Barry Blakeley."); Docket 1 at 15, ¶ 127 ("The case number listed on the hearing notice is '3PA-21-00912MO' as opposed to '3PA-20-912 MO' in Thomas' letter."); Docket 1 at 16, ¶¶ 132-33 ("Thomas' letter states, 'No plea was entered….' . . . A docket entry dated 02/11/2021 for 3PA-21-00912MO on the Alaska Courts web site displays 'Not Guilty Plea Entered. Case Pending Trial Setting.'"). These errors are immaterial since Mr. Blakeley had actual notice of the state court proceedings and, even if they legitimately impacted his ability to defend himself in state court, are appropriately addressed in the Alaska District Court rather than in federal court. *See generally* Docket 37-1 (containing Mr. Blakeley's correspondence with the State of Alaska).

[46] *Compare Geiser*, 2019 WL 12447340, at *2 (dismissing all claims, including a mail-fraud claim, for lack of jurisdiction pursuant to *Rooker-Feldman*), *with Kougasian*, 359 F.3d at 1141 ("Extrinsic fraud on a court is, by definition, not an error by the court.").

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 12 of 16

with the decisions of other district courts that have faced challenges to traffic violations similar to that which Mr. Blakeley brings here.[47]

Even if *Rooker-Feldman* were inapplicable, the Court would dismiss all of Mr. Blakeley's claims because his complaint, like many others brought by self-proclaimed "sovereign people," fails to state a claim for which this Court could grant relief.[48] It is undisputable that the Alaska District Court had jurisdiction to

---

[47] *E.g.*, *Pitre v. Whitley Superior Ct.*, No. 1:21-CV-218-HAB, 2021 WL 3796742, at *1 (N.D. Ind. Aug. 26, 2021); *Szach v. Vill. of Lindenhurst*, No. 14 C 7441, 2015 WL 3964237, at *1 (N.D. Ill. June 25, 2015); *see also Bey v. Hillside Twp. Mun. Ct.*, No. CIV.A. 11-7343 RBK, 2012 WL 714575, at *7 n.10 (D.N.J. Mar. 5, 2012) (warning plaintiff that, in a lawsuit brought following a traffic violation, "federal courts do *not* sit in appellate review of the decisions rendered by state judiciary") (emphasis in original) (citations omitted).

[48] *See, e.g.*, *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) ("We note that this argument has been consistently and thoroughly rejected by every branch of the government for decades. Indeed advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them."); *Bland v. Moffett*, No. 1:19-cv-01750-JLT-SKO (PC), 2022 WL 1198382, at *3 (E.D. Cal. Apr. 22, 2022) ("Because Plaintiff's motions are based upon the sovereign citizen ideology, are unrelated to Plaintiff's claims of a failure to protect brought pursuant to 42 U.S.C. § 1983, and totally lack merit, the motions for writ should be denied as frivolous."), *report and recommendation adopted*, No. 1:19-cv-01750-JLT-SKO (PC), 2022 WL 1507034 (E.D. Cal. May 12, 2022); *Zahir v. Mountcastle*, No. 21-CV-1023, 2021 WL 1143381, at *3 (E.D. Pa. March 25, 2021) ("[O]ther than irrelevant statements of legal fictions, Zahir asserts no facts to demonstrate any viable cause of action for money damages. Legal sounding but meaningless verbiage is nothing more than a nullity.") (citations omitted); *White v. Nakamura*, No. CV 20-9141 FMO (MAAx), 2020 WL 8572318, at *1-3 (C.D. Cal Dec. 7, 2020) (finding claims of fraud, identity theft, human trafficking, conversion, securities fraud, and racketeering barred for lack of jurisdiction pursuant to *Rooker-Feldman* and subject to dismissal because they failed "to plead anything close to approaching a cognizable claim") (citations and internal quotation marks omitted); *Banks v. Florida*, No. 2:19-cv-756-FtM-38NPM, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019) (characterizing arguments raised by self-proclaimed sovereign citizens as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars") (internal quotation marks and citations omitted), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020); *United States v. Wunder*, No. 16-9452 (ES) (MAH), 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (rejecting "legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement"), *aff'd*, 829 F. App'x 589 (3d Cir. 2020); *Williams El v. City of Sheboygan*, No. 18-CV-293-JPS-JPS, 2018 WL 2416582, at *3 (E.D. Wis. May 29, 2018) (rejecting claims following a sovereign citizen adherent's traffic stop, including those for alleged constitutional violations, because they failed to present a "non-frivolous claim for relief"); *United States v. Staten*, No. 1:10-cr-00179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012) ("Courts

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 13 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 13 of 16

adjudicate the State of Alaska's claim against Mr. Blakeley.[49] Accordingly, even if the Court could exercise jurisdiction, it would be compelled to dismiss Mr. Blakeley's claims for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).[50] Because the Court finds that it lacks jurisdiction and Mr. Blakeley has failed to state a claim upon which relief can be granted, it dismisses all of Mr. Blakeley's claims.[51]

The Court considers next whether Mr. Blakeley should be granted leave to file an amended complaint. Federal courts ordinarily allow plaintiffs—and especially pro se plaintiffs—an opportunity to amend a deficient complaint at least once.[52] In this case, Mr. Blakeley challenges a state court decision and claims that

---

across the United States have uniformly rejected arguments based on the redemption theory or substantially similar theories.") (citations omitted).

[49] *See* Alaska Const. art. IV, § 1 ("The judicial power of the State is vested in a supreme court, a superior court, and the courts established by the legislature."); Alaska Stat. § 22.15.010 ("There is established a district court of the State of Alaska for each of the four judicial districts of the superior court of this state."); Alaska Stat. § 22.15.030(a) (establishing the district court's civil jurisdiction, which extends to civil cases "for the recovery of a penalty"); Alaska Stat. § 22.15.050 (identifying actions excluded from the district court's civil jurisdiction); Alaska Stat. § 22.15.070 ("The civil jurisdiction and the criminal jurisdiction of the district court of the State of Alaska extend over the entire state.").

[50] Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (ruling that a complaint must plead "enough facts to state a claim to relief that is plausible on its face").

[51] There is no need for the Court to consider whether Defendant Jamgochian is entitled to immunity due to his status as a judge, although it is likely that such immunity exists. *See Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (holding that a state court judge is entitled to judicial immunity from damages liability even if he had made a legal error).

[52] *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires."); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("[T]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant.") (internal

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 14 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 14 of 16

the State of Alaska is a fiction, the officers and courts of which lack authority and jurisdiction to enforce its traffic laws against him.[53] Each of his 89 claims is premised upon this unfounded theory and his de facto appeal of a state court judgment. There is no possible way that Mr. Blakeley could cure these obvious jurisdictional and pleading deficiencies. Accordingly, allowing leave to amend would be futile and Mr. Blakeley's complaint is dismissed with prejudice.[54]

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' *12(c) Motion for Judgment on the Pleadings as to All Defendants* at Docket 36 is GRANTED;

2. Plaintiff Blakeley's *Motion to Reconsider Substitution and Dismissal of Defendants* at Docket 32 and *Motion to Deem Allegations Admitted for All Purposes* at Docket 48 are both DENIED as moot; and.

3. Plaintiff Blakeley's *Complaint* at Docket 1 is DISMISSED WITH PREJUDICE.

---

quotation marks and citation omitted).

[53] *See* Docket 1 at 8, ¶ 68 ("State of Alaska is a fiction of law."); Docket 1 at 9, ¶ 78 ("The *Affidavit of Status* rebuts any presumption of jurisdiction over Barry.") (emphasis in original).

[54] *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.") (internal quotation marks and citation omitted); *Kocak v. Deddeh*, No. SACV20-01141 JLS (DFMx), 2020 WL 6018944, at *1 (C.D. Cal. Sept. 8, 2020) (dismissing pro se plaintiff's complaint as implausible and frivolous and without leave to amend where plaintiff alleged "that Defendants used his identity without permission to form a security that they now benefit from . . ."), *appeal dismissed*, No. 20-56042, 2020 WL 7889052 (9th Cir. Nov. 9, 2020).

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 15 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 15 of 16

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 30th day of December, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00035-SLG, *Blakeley v. Gunderson, et al.*
Order Re All Pending Motions
Page 16 of 16
Case 3:22-cv-00035-SLG   Document 49   Filed 12/30/22   Page 16 of 16